RECEIVED
IN LAKE CHARLES, LA
NOV - 1 2013
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| F. RENEE NELSON | * | CIVIL ACTION NO. 12-CV-02770 |
| Plaintiff | * | |
| V. | * | JUDGE MINALDI |
| CITY OF LAKE CHARLES | * | |
| Defendant | * | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is the City of Lake Charles' (defendant) In Limine Motion to Exclude and/or Motion for Protective Order [Doc. 19], seeking the exclusion of any evidence pertaining to the alleged forgery by the defendant of F. Renee Nelson's (plaintiff) human resources outprocessing form. The plaintiff filed a Memorandum in Opposition [Doc. 23], to which the defendant has timely replied [Doc. 24]. For the following reasons, the defendant's motion is **DENIED**.

### FACTS AND PROCEDURAL BACKGROUND

The plaintiff filed the instant lawsuit against the defendant alleging sexual harassment by a supervisor, Todd Sherman, who was an Assistant Director of Public Works. The plaintiff herein seeks damages under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1983. The parties dispute at what point, if ever, and to what extent the plaintiff reported the alleged harassment to her superiors. The plaintiff asserts that the harassment was reported to Mr. Edwards, who was the plaintiff's department head, as well as Sherman's supervisor.[1] She also states that she reported the harassment to John Cardone, the Mayor's executive assistant.[2] The

---
[1] Pl.'s Compl. [Doc. 1], at ¶ 6.
[2] *Id.* at ¶ 8.

defendant acknowledges that the plaintiff met with Edwards and Cardone, but that her complaints never alleged harassment of a sexual nature.[3]

The subject of the instant Motion is an "Outprocessing form" containing a "Resignation Statement" which the plaintiff alleges contains a forgery. The defendant argues that the document sought to be excluded is irrelevant to the contested issues in the case, as the disputed instrument is an internal document merely used to confirm Nelson's resignation which is already established by her July 7, 2011 resignation letter to Mayor Randy Roach.[4] The plaintiff, however, argues that the document in question is an essential piece of evidence because, if it was forged for the purpose of omitting the plaintiff's accounting of events and details leading up to her resignation, then the "official's forgery, in itself, could rise to the level of an official act/tangible employment action that could and should deprive the City of its affirmative defense under *Faragher/Ellerth*."[5] The plaintiff claims that she never saw nor signed the document in question.[6]

## LAW & ANALYSIS

The *Faragher/Ellerth* line of cases speaks to an affirmative defense available to employers named as defendants in hostile work environment suits.

> Employers may assert a single affirmative defense to claims of vicarious liability for sexual harassment carried out by supervisors in their employ. The affirmative defense is only available if no tangible employment action is taken against the aggrieved employee. To satisfy the affirmative defense, the employer must show by a preponderance of the evidence: '(a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or to avoid harm otherwise.'

---

[3] Mem. in Supp. of Mot. for Summ. J. [Doc. 6-1], at 2.
[4] *Id.* at 2.
[5] Mem. in Opp. to Def.'s in Limine Mot. to Exclude [Doc. 23], at 2.
[6] *Id.* at 3.

*Aryain v. Wal-Mart Stores Tex., L.P.*, 534 F.3d 473, 479 n.3 (5th Cir. 2008) (citing *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775, 808 (1998)). "A showing of constructive discharge can trigger strict vicarious liability under Title VII, thus precluding an employer from asserting the defense." *Id.*

The plaintiff posits that the document in question necessarily would have gone to the Human Resources director, as all complaints pertaining to harassing behavior are routed through that office as a matter of course.[7] The plaintiff asserts that the "question for the factfinder is, therefore, whether [the plaintiff's] supervisors' deliberate and repeated failures to report her repeated harassment complaints to the Director of Human Resources actually 'brought about' her constructive discharge."[8] The plaintiff in effect is arguing that the official who allegedly forged the outprocessing form eliminated the plaintiff's last opportunity to save her job.[9]

Relevant evidence is that which both tends to make a fact of consequence more or less probable than it would be without the evidence. FED. R. EVID. 401. Evidence that is not relevant is not admissible. FED. R. EVID. 402. However, relevant evidence may be excluded if its probative value is substantially outweighed by a danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

The defendant briefly argues that even if the disputed evidence is relevant, it should be excluded under the balancing test of article 403. The court disagrees. A tangible employment action is defined as "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Stewart v. Mo. Pac. R.R.*, 121 Fed. Appx. 558, 562 (5th Cir.

---

[7] Mem. in Opp. to Def.'s in Limine Mot. to Exclude [Doc. 23], at 2-3.
[8] *Id.* at 2.
[9] *Id.*

3

2005) (quoting *Ellerth*, 524 U.S. at 761). Whether a tangible employment action occurred is relevant to the ultimate disposition of this case, and speaks directly to the defendant's ability or inability to raise an affirmative defense. The subject document could speak not only to the plaintiff's claims regarding constructive discharge, but also to whether the defendant exercised reasonable care to prevent and promptly correct any sexually harassing behavior.

Further, the court notes that, as no jury demand has been made, this action is to be tried before the court. "As to the dangers of unfair prejudice, confusion of the issues, or misleading the jury, these are not valid concerns in the context of a non-jury trial." *In re Oil Spill*, No. 2179, 2012 U.S. Dist. LEXIS 15902 at * 9 (E.D. La. Feb. 9, 2012) (citing *Gulf States Utilities Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. 1981) (stating that "Rule 403 assumes a trial judge is able to discern and weigh the improper inferences against probative value and necessity. Certainly, in a bench trial, the same judge can also exclude those improper inferences from [her] mind in reaching a decision.")). Accordingly,

**IT IS ORDERED** that the defendant's Motion is **DENIED**.

Lake Charles, Louisiana, this 23 day of October, 2013.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE